**CRAWFORD · BRINGSLID**
**· VANDER NEUT, LLP**
900 South Avenue, Suite 204
Staten Island, New York 10314
(718) 273-9414 (phone)
(718) 273-9414 (facsimile)
acrawford@cbvlaw.com
*Attorneys for Plaintiff*
BRIAN MARVENTANO

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X    Civil Action No.:
BRIAN MARVENTANO, individually and on behalf
Of all others similarly situated,

                Plaintiffs,    CLASS AND COLLECTIVE
                                                              <u>ACTION COMPLAINT</u>
    -against-

SECURITAS SECURITY SERVICES USA, INC.,    JURY TRIAL DEMANDED

               Defendant.

-----------------------------------------------------------------X

      Plaintiff, BRIAN MARVENTANO ("Marventano") on behalf of himself and all others similarly situated (collectively "Plaintiffs"), by and through his attorneys, Crawford · Bringslid · Vander Neut, LLP, as and for his complaint as against defendant Securitas Security Services USA Inc. ("Defendant"), respectfully alleges, upon information and belief, as follows:

## **NATURE OF ACTION**

    1. Plaintiffs are current and former non-exempt supervisors of security guards employed by Defendant to work within and outside of the City of New York.

    2. Plaintiffs were hired by Defendant to provide supervision for security guards at commercial premises within and outside the City of New York.

    3. This is a prospective class and collective action concerning Defendant's violations of

1

federal and state minimum wage and overtime laws. In addition, Defendant violated the New York Labor Law because it failed to compensate workers for all hours worked; failed to pay spread of hours premium when due; and failed to comply with several employee notice requirements.

4. First, Defendant maintained a consistent policy and practice by which Plaintiffs and were only paid a flat salary regardless of the number of overtime hours they worked. Plaintiff also received no compensation for travel time between worksites.

5. Initially, Plaintiffs were paid by the hour and fully compensated for their time. However, Defendant changed its procedures and converted the hourly wages to an annual salary despite there being no change in the duties and/or jobs performed by the Plaintiffs. In the case of Marventano, beginning in late 2010 he was paid approximately an "hourly wage" of $27.00 per hour for a "forty hour" week, regardless of the number of hours worked per week. Previously, Marventano had been paid overtime for hours worked over forty hours.

6. Indeed, Marventano was placed on an "salary", without overtime, but worked approximately 65 hours per week, working the same number of hours per week as he had previously.

7. Thus, Marventano was paid on the basis of a 40 hour week even when he worked up to 65 hours per week. Upon information and belief, the same is true of numerous other supervisors employed by Defendant.

8. Defendant thus violated the overtime provisions of the FLSA and NYLL. In addition to the fact that many of their uncompensated hours should have been paid at the overtime rate, Defendant maintained a policy and practice of failing to pay any premium for overtime hours worked.

9. Finally, Defendant maintained a policy and practice of failing to provide wage statements in compliance with the New York Labor Law §195(3) and Wage Theft Prevention Act notices in violation of NYLL §195(1).

## PARTIES

10. Marventano was and still is an individual residing in the State of New Jersey.

11. Defendant is a domestic corporation existing under and by virtue of the laws of the State of New York, with a principal place of business at 62 Williams Street, New York, New York 10005.

## JURISDICTION AND VENUE

12. This Court has jurisdiction pursuant to 28 U.S.C. §1331, in that this action is an action arising under the Fair Labor Standards Act.

13. This Court has supplemental jurisdiction over the claims arising under New York Labor Law pursuant to 28 U.S.C. §1367, in that the New York State Law claims are so closely related to Plaintiffs FLSA claims as to form the same case or controversy under Article III of the United State Constitution.

14. Venue is proper in this judicial district under 28 U.S.C. §1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendant conducts business within the judicial district, and Defendant conducts business within this judicial district through its employees, including Plaintiffs.

## FACTS

15. At all time relevant, each Plaintiff was hired and employed by Defendant within the City and State of New York and worked primarily in Richmond County.

16. Plaintiffs have worked for Defendant to provide supervisory services for security

3

guards employed by Defendant for its clients within and outside the City of New York including Richmond County.

17. Plaintiffs were Defendant's non exempt employees as that term is used under the FLSA and NYLL.

18. Plaintiffs and other similarly situated workers were paid on a salaried basis.

19. Plaintiffs and other similarly situated workers were and still are entitled to be paid at least one and one half of their respective regular hourly rates of pay for each hour in excess of forty (40) hours that they worked in any work week to the FLSA and NYLL.

20. During the relevant times periods, Plaintiffs and other similarly situated workers worked in excess of forty (40) hours during a single work week and were entitled to receive overtime wages.

21. Plaintiffs and other similarly situated workers were not paid for all hours worked as required by NYLL §191 and §663

22. When all compensable time is accounted for Defendant willfully failed to, in the case of some Plaintiffs, pay the minimum wage for all hours worked as required by the NYLL and FLSA and/or such Plaintiffs were not compensated for overtime hours.

23. Indeed, Plaintiffs regularly worked more than then ten hours in a single day. When Plaintiff and other similarly situated workers were paid at or less then the New York minimum wage or not paid for overtime, NYCRR §142-2.4 required Defendants to pay these workers for an additional hour at the New York minimum wage when the spread of hours exceeded ten hours in a single work day. Defendants willfully failed to pay Plaintiffs the spread of hours premium pay when due.

24. Defendants willfully failed to pay Plaintiffs and other similarly situated employees and the overtime premium of one half times their regular hourly work rate for any hours that they worked in excess of 40 hours per week, in violation of the FLSA and NYLL.

25. First, Defendants willfully paid Plaintiffs and other similarly situated workers nothing for the uncompensated hours in excess of forty hours in a work week.

26. Second, Defendant willfully failed to pay Plaintiffs and other similarly situated workers compensated hours in excess of forty hours in a work week at the overtime rate. Defendants paid only straight time, with no premium for overtime hours worked.

27. Since late 2010, Plaintiffs and other similarly situated workers have been entitled to wage statements indicating the regular and overtime rate of pay, the basis of the rate of pay, the dates covered by the payment; the name, address and phone number of the employer; and itemized allowances and deductions pursuant to NYLL §195(3). Defendants fail to furnish wage statements in compliance with the statute.

28. Between late 2010 and 2015, Plaintiffs and other similarly situated workers were entitled to receive notifications of wage rate pursuant to the Wage Theft Prevention Act indicating their hourly rates and other payroll information annually and at the commencement of their employment pursuant to NYLL 195(1). Defendants failed to furnish such notices in compliance with the statute.

## **MARVENTANO**

29. Plaintiff Marventano was employed by Defendant to provide supervisory services for Defendant's security guards from in or about 2003 through in or about 2015

30. Marventano worked more than 60-65 hours per week throughout years of his employment.

31. Up to 2010, Marventano's purported hourly rate was approximately $27.00 per hour, with overtime paid after forty hours.

32. Thereafter, Marventano was paid at the same hourly rate $27.00 per hour, on a 40 hour per week basis, regardless of the fact that whether he worked more than 40 hours per week.

33. Marventano was not paid for approximately 20-25 hours per week of regular and/or overtime, nor was he paid an additional hours pay for shifts of greater than 10 hours.

34. Defendant willfully failed to pay Marventano the Federal and New York State minimum wage for all hours worked.

35. Defendant failed to furnish Marventano with proper wage statements and failed to furnish him with Wage Theft Prevention Act notifications of pay rate annually or at the commencement of his employment in 2013.

## CLASS ACTION ALLEGATIONS

36. Marventano bring this case as a representatives of a class of all similarly situated supervisors to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and similarly situated supervisors employed by Defendant from the period commencing six years prior to the filing of this complaint of the date of final judgment in this matter.

37. Marventano estimates that the Class includes over 50 similarly situated individuals who have not been paid overtime wages, who have not been paid for travel time, and who have not received proper payroll stubs and payroll notification pursuant to the Wage Theft Prevention Act.

38. The Class is so numerous as to make it impracticable to join all members of the Class as Plaintiffs.

39. Members of the Class are readily ascertainable through Defendant's records.

40. There are questions of law and fact common to all members of the Class and those questions predominate over any question affecting only individual class members. Defendant has acted on grounds generally applicable to all class members in that Defendant's acts and omissions constitute a violation of the wage laws of the State of New York.

41. Common questions of law and fact include, but are not limited to the following:

   a. Whether Defendant has consistently failed to pay class members overtime wages at one and one half times their regular rate of pay as required by the NYLL;

   b. Whether Defendant has failed to pay Plaintiffs at an hourly rate below the New York State minimum wage.

   c. Whether Defendant has failed to pay overtime to Plaintiffs.

   d. Whether Defendant has paid Plaintiffs for travel time and from the job sites.

   e. Whether Defendant has consistently failed to provide Plaintiffs wage statements as required by the NYLL;

   f. Whether Defendant has in failing to make the required payments to Plaintiffs acted willfully and with the intent of depriving members of the class of such compensation.

42. Plaintiffs' wage and hour claims and Defendant's anticipated affirmative defenses thereto are typical of the claims of all Class members and of Defendant's anticipated affirmative defense thereto.

43. Marventano will fairly and adequately protect the interests of all Class members in the prosecution of this action and in the administration of all matters relating to the claims of the Class. Plaintiffs are similarly situated with, and have suffered similar injuries as, the members of the Class they seek to represent.

44. Marventano has retained counsel capable of handling Class action suits similar to those sought to be brought in this action. Neither Marventano nor his counsel have an interest which is in conflict with the Class or which might cause them not to vigorously pursue this action.

45. Pursuant to F.R.C.P 23 (b) (3), class certification is appropriate here because questions of law or fact common to members of the Class predominate over any questions affecting only individual members and because a class action is superior to other methods available to the fair and efficient adjudication of the controversy.

## COLLECTIVE ACTION ALLEGATIONS

46. Plaintiffs' FLSA claims are brought as a collective action pursuant to 29 U.S.C. §216 (b).

47. Employees are "similarly situated" for purposes of FLSA collective wage suits if they are subject to a common policy, plan or design.

48. Marventano brings the FLSA claims on behalf of himself and others similarly situated, namely employees of Defendant who worked as supervisors from the period commencing three years from the date of filing of this complaint to the date of final judgment in this matter (hereinafter referred as the ("Collective").

49. Upon information and belief, the Collective and the Class consist of roughly fifty similarly situated individuals who have not been paid proper overtime wages and who would benefit from the insurance of a Court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

50. Upon information and belief, Defendant has failed to pay overtime to those in the Collective, and Plaintiffs reserve the right to broaden their definition of the Collective group and/or subgroups to this claim as additional members are discovered.

51. Defendant is liable under the FLSA for, inter alia, failing to properly compensate Plaintiffs and other similarly situated.

52. Those similarly situated potential Collective members are known to Defendant, are readily identifiable and can be located through Defendant's records.

53. Members of the Collective are entitled to collectively participate in this action by choosing to "opt in" and submit written Consents to Join this action pursuant to 29 U.S.C. § 216 (b).

## CLASS AND COLLECTIVE- WIDE FACTUAL ALLEGATIONS

54. Marventano and members of the Collective and the class defined above, (collectively "Members") have been victims of a common policy and plan perpetrated by Defendant that has violated their rights under the FLSA and NYLL by denying them pay, including without limitation, overtime wages.

55. As part of their ongoing business practice, Defendant has intentionally, willfully and repeatedly harmed Plaintiffs and the Members by engaging in a pattern, practice and/or policy of violating the FLSA and/or the NYLL.

56. Defendant has substantially benefitted and profited from the work that Plaintiffs and the Members have performed.

57. Defendant's conduct, policies, and practices and described herein are ongoing and continuing.

58. Defendant's conduct, policies and practices have been intentional, willfull, and in bad faith, and has cause significant damages to Plaintiffs and the Members.

## AS AND FOR A FIRST CLAIM FOR RELIEF

### *( Overtime Wages Under the FLSA)*

59. Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

60. Plaintiffs bring this claim on behalf of themselves and the Members.

61. At all relevant times, Defendant was subject to the overtime wage requirements set forth in the FLSA, 29 U.S.C. §§ 201 et. seq.

62. At all relevant times, Plaintiff and the Members were employees of Defendant within the meaning of 29 U.S.C. §203 (e).

63. At all relevant times, Defendant was engaged in commerce within the meaning of 29 U.S.C. § 203 (e) (m), and 206 (a).

64. Defendant suffered or permitted Plaintiffs and the Members to work more than forty (40) hours a week throughout their employment.

65. Defendant suffered or permitted Plaintiffs and the Members a rate of one and one half times their hourly rate of pay for all the hours they worked in excess of forty (40) hours per week.

66. Defendants willfully, knowingly, and intentionally did not, and continue not to, compensate Plaintiffs and the Members for overtime at a rate of one and one half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours a week.

67. As a result of Defendant's violation of the law and failures to pay Plaintiffs required overtime wages, Plaintiffs and the Members have been damaged and are entitled to

recover from Defendant, all wages due, along with reasonable attorney fees, interests and costs pursuant to 29 U.S.C. § 216 (b).

68. As Defendant did not have a good faith basis to believe that its failure to pay overtime wages to Plaintiff and the Collective was in compliance with the law, Plaintiff and the Collective are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216 ( b).

## AS AND FOR A SECOND CLAIM FOR RELIEF

(*Overtime Under the NYLL*)

69. Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

70. Plaintiffs bring this claim on behalf of themselves and the Class.

71. At all relevant times, Defendant was subject to the, overtime wage requirements set forth in Articles 6 and 19 of the NYLL.

72. Pursuant to NYLL §190 *et seq* and 650 *et seq.,* and 12 NYCRR 142-2.2, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

73. Defendant expected Plaintiffs and the Members, to work more than forty (40) hours per week, and Plaintiffs' and the Members regularly worked more than forty (40) hours per week throughout their employment.

74. At no time has Defendant paid Plaintiffs and the Members a rate of one and one-half times their hourly rate of pay for all the hours they worked in excess of forty (40) hours per week.

75. Defendant willfully and intentionally have no, and continue not to,

compensate Plaintiffs and the Members for overtime at a rate of one and half times their hourly rate for pay for all the hours they worked in excess of forty (40) hours a week.

### AS AND FOR A THIRD CLAIM FOR RELIEF
*(Unpaid Wages Under the NYLL)*

76. Plaintiffs repeat and reallage each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

77. Plaintiff Marventano brings this claim on behalf of themselves and the Class.

78. Plaintiffs and the Class were entitled to be compensated for every hour worked at their regular hourly rate (or at their overtime rate).

79. Defendant failed to pay Plaintiffs and the Members the wages due to them for the hours they worked, including time traveling between jobsite after reporting to work.

80. Defendant violated NYLL § 191 et. seq and § 663 et. seq. by failing to pay Plaintiffs of all their earned wages.

81. Upon information and belief, Defendant did not have a good faith basis for failing to pay Plaintiffs all of their wages, and willfully denied Plaintiff these wages.

82. Judgment should be entered in favor of Plaintiffs and against Defendant on the claim for relief for unpaid wages, liquated damages, reasonable attorney fees, interest and costs in an amount to be determined by this Court.

### AS AND FOR THE FOURTH CLAIM FOR RELIEF
*(Spread for Hours Under the NYLL)*

83. Plaintiffs repeat and reallage each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

84. At all relevant times, Plaintiffs and the Members were and still are required to work more than ten hours in a single workday.

85. Plaintiffs and the Members were and still are entitled to be paid an additional hour's pay the basic minimum hourly wage rate for everyday that they worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours, when their weekly compensation was below the minimum wage, pursuant to the NYLL §§ 190, et seq., and 650, et seq. and 12 NYCRR § 142-2.4.

86. Defendant failed to pay certain Plaintiffs and the Members the spread of hour wages to which they were entitled under NYLL.

87. These Plaintiffs and the Members were and still are entitled to be paid all of their earned wages.

88. Defendants failure to pay these Plaintiff and the Members their lawfully due spread of hour ways was a willful violation of NYLL §§190, et seq., and 650 et seq., 12 NYCRR § 142-2.4.

89. Pursuant to NYLL § 198, these Plaintiffs and the Members are entitled to recovery of full payment of unpaid spread of hour wages, an additional amount equal thereto in liquidated damages, prejudgment interest, attorneys' fees, and cost and disbursements of this action.

### AS AND FOR THE FIFTH CLAIM FOR RELIEF
*(Wage Payment Statemnets Under the NYLL)*

90. Plaintiff repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

91. At all relevant times, defendant failed to provide Plaintiffs and the Class with the proper statements with every payment of wages, as required by NYLL § 195.

92. As Defendant failed to provide Plaintiff and the Class with proper statements

every payment of wages as required by the NYLL § 195, Plaintiffs are entitled to damages in the amount of $100.00 per week for every work week in which the violation occurred, up to a maximum of $2,500.00 along with all reasonable attorney fees and costs.

93. Moreover, pursuant to recent amendments to the Wage Theft Prevention Act, effective February 27, 2015, Plaintiffs and the Members are entitled to additional damages in the amount of $250.00 per week for every work week in which the violation occurred, up to a maximum of $5,000 (including those damages set forth in the preceding paragraph).

### AS AND FOR THE SEVENTH CLAIM FOR RELIEF
*(Notification of Wage Rate Statements Under the NYLL)*

94. Plaintiff repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

95. Defendant was obligated to provide Plaintiffs and the Members with Wage Theft Prevention Act notifications of pay rates beginning upon the commencement of their employment and annually thereafter.

118. At all relevant times, Defendant failed to provide Plaintiffs and the Members with the Wage Theft Prevention Act notifications, as required by NYLL §195.

119. As Defendants failed to provide Plaintiffs and the Members with proper Wage Theft Prevention Act Notices, annually and upon the commencement of their employment as required by NYLL §195, Plaintiffs are entitled to liquidated damages in the amount of $50.00 per week, up to a maximum of $2,500.00, along with all reasonable attorney fees and costs.

120. Moreover, with respect to Defendant's failure to provide the Plaintiff and the Members with proper Wage Theft Prevention Act Notices, upon the commencement of their employment, Plaintiff and the Members are entitled to liquidated damages in the amount of

$50.00 per day, up to a maximum of $5,000.00, along with all reasonable attorney fees and costs, pursuant to NYLL §195.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request, pursuant to Fed. R. Civ. P. 38(b), a jury trial on all claims so triable.

**WHEREFORE**, Plaintiffs seek the following relief:

A. An Order conditionally certifying the Class with respect to Plaintiffs' First and Third claims for relief; and

B. An Order certifying the Class with respect to Plaintiffs' Second and Fourth, Fifth, Sixth, and Seventh claims for relief.

C. Entry of final judgment in favor of Plaintiffs on the First Claim for Relief against Defendant for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs in an amount to be determined by this Court;

D. Entry of final judgment in favor of Plaintiffs on the Second Claim for Relief against Defendant for all overtime wages due, liquidated damages, reasonable attorneys fees, interest and costs in an amount to be determined by the Court;

E. Entry of final judgment in favor of Plaintiffs on the Third Claim for Relief against Defendant for all minimum wages due, an additional award of one hundred percent of all wages due, an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs in an amount to be determined by this Court;

F. Entry of final judgment in favor of Plaintiffs on the Fourth Claim for Relief against Defendants for all unpaid wages due, an additional award of one hundred percent of

all wages, along with all reasonable attorney fees and costs in an amount to be determined by this Court;

G. Entry of final judgment in favor of Plaintiffs on the Fifth Claim for Relief against Defendants for all spread of hours wages due, liquidated damages, reasonable attorney fees, interest and costs in an amount to be determined by this Court;

H. Entry of final judgment in favor of Plaintiffs Sixth and Seventh Claim for Relief against Defendants for failing to provide Plaintiffs and other members of the TRS Laborers Class with Wage Theft Prevention Act notifications annually since 2012 and upon the commencement of their employment since 2011 and proper wage statements with every payment of wages, liquidated damages in the amount of up to $5,000 per class member; and

I. Such other and further relief as is just and proper.

Dated: March 7, 2016
Staten Island, New York

Yours, etc.

**CRAWFORD · BRINGSLID · VANDER NEUT, LLP**

By:   s/Allyn J. Crawford
Allyn J. Crawford, Esq.
Attorneys for Plaintiff
BRIAN MARVENTANO
900 South Avenue, Suite 204
Staten Island, New York 10314
(718) 273-9414